[Cite as *State v. Hall*, 2017-Ohio-592.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 15CA112 |
| EDWARD A. HALL, JR. | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:    Appeal from the Richland County Court of
Common Pleas, Case No. 2015CR0535

JUDGMENT:    Affirmed

DATE OF JUDGMENT ENTRY:    February 13, 2017

APPEARANCES:

For Plaintiff-Appellee

BAMBI COUCH PAGE
Prosecuting Attorney
Richland County, Ohio

By: DANIEL M. ROGERS
Assistant Prosecuting Attorney
Richland County Prosecutor's Office
38 S. Park Street
Mansfield, Ohio 44902

For Defendant-Appellant

JEFFREY P. UHRICH
Law Office of Jeffrey P. Uhrich
P.O. Box 1977
Westerville, Ohio 43086

*Hoffman, J.*

{¶1}   Defendant-appellant Edward Hall appeals his sentence entered by the Richland County Court of Common Pleas, on one count of felonious assault, two counts of public indecency with a minor victim, one count of public indecency with an adult victim, and one count of possession of heroin, after the trial court accepted his guilty pleas. Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE CASE AND FACTS

{¶2}   On July 10, 2015, the Richland County Grand Jury indicted Appellant on one count of felonious assault, in violation of R.C. 2903.11(A)(1) and (D)(1)(a), a felony of the second degree; two counts importuning, in violation of R.C. 2907.07(A) and (F)(2), felonies of the third degree; one count of public indecency, in violation of R.C. 2907.09(A)(1) and (C)(2), a misdemeanor of the fourth degree; one count of aggravated menacing, in violation of R.C. 2903.21(A) and (B), a misdemeanor of the first degree; one count of resisting arrest, in violation R.C. 2921.33(A) and (D), a misdemeanor of the second degree; and, one count of possession of heroin, in violation of R.C. 2925.11(A) and (C)(6)(a), a felony of the fifth degree.  Appellant entered a plea of not guilty to the Indictment at his arraignment on July 21, 2015.

{¶3}   On August 14, 2015, Appellant appeared before the trial court, withdrew his former pleas of not guilty, and entered pleas of guilty to one count of felonious assault, a felony of the second degree; two counts of public indecency with a minor victim, misdemeanors of the second degree; one count of public indecency with an adult victim, a misdemeanor of the fourth degree; and one count of possession of heroin, a felony of the fifth degree.  The state amended the two counts of importuning to two counts of public

indecency with a minor victim, and dismissed the aggravated menacing and resisting arrest counts. The trial court accepted Appellant's pleas, found the pleas to be knowingly and voluntarily made, and ordered a presentence investigation.

{¶4} The trial court conducted a sentencing hearing on October 7, 2015. The trial court noted, on the record, it had reviewed the presentence investigation report, the SAQ risk assessment, and two victim impact statements. The trial court also indicated it had considered the sentencing principles under R.C. 2929.11, as well as the sentencing factors enumerated in R.C. 2929.12. After hearing from the parties, the trial court sentenced Appellant to eight years in prison on the felonious assault count, ninety days in jail on the two counts of public indecency with a minor victim, thirty days in jail on the public indecency with an adult victim, and six months in jail on the possession of heroin count. The trial court ordered the felonious assault and possession of heroin counts be served consecutively to each other and concurrently with the remaining counts, for an aggregate term of incarceration of eight and a half years. The trial court also imposed three years of mandatory post-release control, suspended Appellant's driver's license for five years, and ordered Appellant to pay $5,590.21 in restitution.

{¶5} The trial court filed a sentencing entry on October 8, 2015. On December 23, 2015, Appellant filed a pro se Notice of Appeal and motion for leave to file delayed appeal. The state filed a memorandum in opposition to Appellant's motion as well as a motion to dismiss. On January 11, 2016, this Court granted Appellant's motion for leave to file a delayed appeal, and overruled the state's motion to dismiss.

{¶6} It is from the trial court's October 8, 2015 Sentencing Entry Appellant appeals, raising the following assignments of error:

I. THE TRIAL COURT ERRED BY IMPOSING A MAXIMUM SENTENCE WITHOUT PROVIDING A SUFFICIENT BASES SUPPORTED BY THE RECORD.

II. THE TRIAL COURT ERRED BY FAILING TO ADEQUATELY EXPLAIN, DURING THE CHANGE OF PLEA HEARING, THE POTENTIAL MAXIMUM PENALTIES FOR THE CHARGES UPON WHICH DEFENDANT ENTERED GUILTY PLEAS.

I

{¶7} In his first assignment of error, Appellant contends the trial court erred in imposing a maximum sentence without providing a sufficient basis supported by the record. We disagree.

{¶8} R.C. 2953.08(G)(2) sets forth the standard of review for all felony sentences. *State v. Marcum,* 146 Ohio St.3d 516, 2016–Ohio–1002, ¶ 1. When hearing an appeal of a trial court's felony sentencing decision, "[t]he appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing." R.C. 2953.08(G)(2)

{¶9} Pursuant to R.C. 2953.08(G)(2), an appellate court may only "increase, reduce, or otherwise modify a sentence * * * or may vacate the sentence and remand the matter to the sentencing court for resentencing" if the court finds by clear and convincing

evidence "(a) [t]hat the record does not support the sentencing court's findings[,]" or "(b) [t]hat the sentence is otherwise contrary to law." R.C. 2953.08(G)(2)(a)-(b). "An appellate court will not find a sentence clearly and convincingly contrary to law where the trial court considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes postrelease control, and sentences the defendant within the permissible statutory range." *State v. Ahlers,* 12th Dist. Butler No. CA2015–06–100, 2016–Ohio–2890, ¶ 8, citing *State v. Moore,* 12th Dist. Clermont No. CA2014–02–016, 2014–Ohio–5191, ¶ 6.

**{¶10}** Under R.C. 2929.11(A), the "overriding purposes" of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. To achieve these purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both. R.C. 2929.11(A).

**{¶11}** R.C. 2929.12 lists general factors which must be considered by the trial court in determining the sentence to be imposed for a felony, and gives detailed criteria which do not control the court's discretion but which must be considered for or against severity or leniency in a particular case. The trial court retains discretion to determine the most effective way to comply with the purpose and principles of sentencing as set forth in R.C. 2929.11. R.C. 2929.12.

**{¶12}** Among the various factors that the trial court must consider and balance under R.C. 2929.12 are: (1) serious physical, psychological, or economic harm to the victim as a result of the offense; (2) whether the offender has a history of criminal convictions; (3) whether the offender has not responded favorably to sanctions previously imposed by criminal convictions; and (4) whether the offender shows genuine remorse for the offense. R.C. 2929.12.

**{¶13}** R.C. 2929.11 and 2929.12 require consideration of the purposes of felony sentencing, as well as the factors of seriousness and recidivism. *See State v. Mathis,* 109 Ohio St.3d 54, 846 N.E.2d 1, 2006–Ohio–855, ¶ 38.

**{¶14}** At the sentencing hearing, the trial court indicated it had considered the presentence investigation, two victim impact statements, and the SAQ risk assessment. The trial court noted the SAQ risk assessment showed Appellant's highest risk was for alcohol, "followed very closely by drugs, and then followed by violence and anti-social." October 7, 2015 Sentencing Hearing at 4. The trial court stated it had also, "of course, considered the sentencing principles under 2929.11 and the factors…under 2929.12, both more serious, less serious[,] recidivism, more likely recidivism, less likely." *Id.* at 5. The trial court provided Appellant with an opportunity to speak. The trial court also heard from one of the victims, and the victim witness advocate, who read a letter from another victim.

**{¶15}** The trial court commented Appellant's behavior was "about as bad as it gets." *Id.* at 12. The trial court added, "Because there were multiple offenses committed as part of a course of criminal conduct, the harm caused was great and unusual that no single prison term would adequately reflect the seriousness of the conduct. And the fact

that this isn't your first time. You've got a lengthy criminal history. So it's necessary to protect the public from future crimes." *Id.* at 13.

**{¶16}** The sentence imposed is within the range provided for felonies of the second degree. We find the trial court properly considered the statutory factors and complied with all applicable rules and laws. We further find the sentence is not clearly and convincingly contrary to law, and the trial court did not err in sentencing Appellant.

**{¶17}** Appellant's first assignment of error is overruled.

II

**{¶18}** In his second assignment of error, Appellant maintains the trial court erred in failing to adequately explain the potential maximum penalties for the charges upon which he entered his guilty pleas.

**{¶19}** Crim. R. 11(C)(2)(a) provides:

(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

**{¶20}** The trial court must engage in a Crim.R. 11(C) colloquy with the defendant in order to ensure that a felony defendant's plea is knowing, voluntary and intelligent. *State v. Clark,* 119 Ohio St.3d 239, 2008–Ohio–3748, 893 N.E.2d 462, ¶ 25–26. During the colloquy, the trial court is to provide specific information to the defendant, including constitutional and nonconstitutional rights being waived. Crim.R. 11(C)(2); *State v. Francis,* 104 Ohio St.3d 490, 2004–Ohio–6894, 820 N.E.2d 355.

**{¶21}** The nonconstitutional rights the defendant must be informed of are the effect of his plea, the nature of the charges, and the maximum penalty, which includes an advisement on post-release control if applicable.

**{¶22}** During the change of plea hearing, the trial court addressed Appellant as follows:

**{¶23}** THE COURT: First count is Felonious Assault, that's a Second Degree Felony. It has a presumption of prison because it's a Second Degree Felony, * * *

**{¶24}** The maximum on that Count's 8 years in prison, the maximum fine is $15,000, and if you do go to prison on that case you're required to be on Post Release Control for 3 years when you get out, and I'll talk to you a little bit about Post Release Control.

**{¶25}** * * *

**{¶26}** What it means is you go to prison, you do all your time. * * * when you do all your time, you get out, they're going to put you on it. It's going to be like probation or parole, it's going to be rules.

**{¶27}** You have to abide by those rules, it's called Post Release Control. If you violate the rules of Post Release Control, the Department of Rehabilitation and

Corrections will send you back to prison for half of the sentence that I gave you, that's the most they could give you. They can give you less if they want to, but they could give you up to half.

**{¶28}** So you understand that if you go to prison, you will be on Post Release Control and, if you mess up on Post Release Control, they could send you back to prison for half the time you already did, you understand that?

**{¶29}** * * *

**{¶30}** APPELLANT: Okay.

**{¶31}** THE COURT: The other thing that's important about Post Release Control for you, Mr. Hall, is if you commit a new crime, a new felony or a new crime while you're on Post Release Control, the judge who sentences you on the new crime can convert your Post Release Control supervision time * * * into prison time and run it consecutive to the new crime.

**{¶32}** So you can get like a double sentence, basically. * * *

**{¶33}** Do you understand if you commit a new crime that the Post Release Control supervision time could be turned into prison time; do you understand that?

**{¶34}** APPELLANT: Yeah.

**{¶35}** * * *

**{¶36}** THE COURT: * * * You would have Public Indecency in Count 2 as amended, it's a misdemeanor of the second degree.

**{¶37}** For misdemeanors you can't go to prison but you can go to jail, 90 days in jail, $750 fine for Count 2; same thing for Count 3, 90 days in jail, $750 fine are the

maximums; Count 4 is Public Indecency [w]ith [a]n Adult [V]ictim, a Fourth Degree Misdemeanor, that's 30 days in jail, $250 fine.

{¶38} Finally, Count 7 is Possession of Heroin, 12 months in prison, $2,500 fine, 3 years discretionary Post Release Control * * * it really doesn't matter because you have the mandatory Post Release Control on Count 1, and then also there's a driver's license suspension under that Possession of Heroin, Count 7, it's 6 months to 5 years, so I could either do 6 months or somewhere in between all the way up to 5 years.

{¶39} Do you understand what the maximum penalties are for all these counts?

{¶40} APPELLANT: Yes, sir.

{¶41} Transcript of August 13, 2015 Change of Plea Hearing at 15-16, 18-22.

{¶42} The trial court also explained concurrent and consecutive sentences to Appellant who indicated he understood. In addition, Appellant executed an Admission of Guilt/Judgment Entry, which provided a written explanation of the penalties. Counsel for Appellant advised the trial court he and Appellant had reviewed the Admission of Guilt/Judgment Entry.

{¶43} At the time Appellant entered his guilty pleas, the trial court orally engaged in a Crim.R. 11(C) colloquy with him. A review of the transcript establishes Appellant was aware of the nature of the charges and the maximum penalties involved. We find the record affirmatively demonstrates the trial court advised Appellant of the maximum penalties he could receive.

{¶44} Appellant's second assignment of error is overruled.

**{¶45}** The judgment of the Richland County Court of Common Pleas is affirmed.

By: Hoffman, J.

Gwin, P.J.  and

Baldwin, J. concur