[Cite as *State v. Daniels*, 2017-Ohio-1045.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. CT2016-0021 |
| | : | CT2016-0022 |
| COURTNEY M. DANIELS | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:       Appeal from the Muskingum County
Court of Common Pleas, Case Nos.
CR2016-0051 and CR2016-0100

JUDGMENT:                                      AFFIRMED

DATE OF JUDGMENT ENTRY:            March 20, 2017

APPEARANCES:

For Plaintiff-Appellee:                          For Defendant-Appellant:

D. MICHAEL HADDOX                        TONY A. CLYMER
MUSKINGUM CO. PROSECUTOR         1420 Matthias Drive
GERALD V. ANDERSON II                  Columbus, OH 43224
27 North Fifth St., P.O. Box 189
Zanesville, OH 43702-0189

*Delaney, J.*

{¶1}   Appellant Courtney M. Daniels appeals from the sentencing entries of May 5, 2016 and May 11, 2016 of the Muskingum County Court of Common Pleas.  Appellee is the state of Ohio.

### FACTS AND PROCEDURAL HISTORY

{¶2}   This case arises from two separate criminal cases before the Muskingum County Court of Common Pleas.

{¶3}   Between December 4, 2015, and January 20, 2016, appellant forged and uttered 19 checks on the account of Daniels Excavating, for a total of $7,050.61.  The account is owned by appellant's father and the checks were uttered throughout Muskingum County.  In case number CR2016-0100, appellant was charged by indictment with one count of forgery (uttering) pursuant to R.C. 2913.31(A)(3), a felony of the fifth degree [Count I], and one count of theft in an amount greater than $1000 and less than $7500 pursuant to R.C. 2913.02(A)(1),a felony of the fifth degree [Count II].

{¶4}   On January 31, 2016, appellant and two associates burglarized a residence in Zanesville, Ohio.  The items stolen included a .22 caliber long rifle, a single-shot shotgun, ammunition, and jewelry.  Appellant sold the firearms to her brothers.  The brothers cooperated with law enforcement and turned over the firearms.  In case number CR2016-0051, appellant was charged by indictment with one count of burglary with a one-year firearm specification, a felony of the second degree pursuant to R.C. 2911.12(A)(2) [Count I]; one count of theft of firearms pursuant to R.C. 2913.02(A)(1), a felony of the third degree [Count II]; one count of theft in an amount less than $1000, a

misdemeanor of the first degree [Count III]; and one count of possession of criminal tools, a felony of the fifth degree pursuant to R.C. 2923.24(A) [Count IV].

{¶5}   On March 16, 2016, appellant appeared before the trial court and entered pleas of guilty as charged.  The case was deferred for sentencing pending a pre-sentence investigation (P.S.I.).

{¶6}  On May 2, 2016, appellant appeared for sentencing.  The trial court noted it reviewed the P.S.I.  Appellant acknowledged her history of substance abuse, including drinking alcohol and smoking marijuana by age 12, using powder and crack cocaine by age 15, using heroin by age 18, and using methamphetamine by age 22.  Appellant acknowledged she has a criminal history of petty thefts, and that in the burglary case, she "set [the victim] up" for the burglary.  Appellant further acknowledged she used heroin, cocaine, and marijuana while free on bond.

{¶7}   The trial court accepted appellant's guilty pleas and sentenced her to an aggregate prison term of five years for both cases.

{¶8}   Appellant now appeals from the judgment entries of conviction and sentence.

{¶9}   Appellant raises one assignment of error:

**ASSIGNMENT OF ERROR**

{¶10} "THE TRIAL COURT ERRED BY NOT CONSIDERING THE PRINCIPLES AND PURPOSES OF SENTENCING WHICH INCLUDES UTILIZING THE MINIMUM SANCTIONS AVAILABLE TO PUNISH APPELLANT."

**ANALYSIS**

{¶11} Appellant argues the trial court did not properly consider the principles and purposes of sentencing as required by R.C. 2929.11 and 2929.12. We disagree.

{¶12} R.C. 2929.11 and 2929.12 require consideration of the purposes of felony sentencing, as well as the factors of seriousness and recidivism. *See State v. Mathis,* 109 Ohio St.3d 54, 846 N.E.2d 1, 2006–Ohio–855, ¶ 38.

{¶13} R.C. 2953.08(G)(2) sets forth the standard of review for all felony sentences. *State v. Marcum,* 146 Ohio St.3d 516, 2016–Ohio–1002, ¶ 1. Pursuant to R.C. 2953.08(G)(2), an appellate court may only "increase, reduce, or otherwise modify a sentence * * * or may vacate the sentence and remand the matter to the sentencing court for resentencing" if the court finds by clear and convincing evidence "(a) [t]hat the record does not support the sentencing court's findings[,]" or "(b) [t]hat the sentence is otherwise contrary to law." R.C. 2953.08(G)(2)(a)-(b). "An appellate court will not find a sentence clearly and convincingly contrary to law where the trial court considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes postrelease control, and sentences the defendant within the permissible statutory range." State v. Hall, 5th Dist. Richland No. 15CA112, 2017-Ohio-592, ¶ 9, citing *State v. Ahlers,* 12th Dist. Butler No. CA2015–06–100, 2016–Ohio–2890, ¶ 8, and *State v. Moore,* 12th Dist. Clermont No. CA2014–02–016, 2014–Ohio–5191, ¶ 6.

{¶14} Under R.C. 2929.11(A), the "overriding purposes" of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government

resources. To achieve these purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both. R.C. 2929.11(A).

{¶15} R.C. 2929.12 lists general factors which must be considered by the trial court in determining the sentence to be imposed for a felony, and gives detailed criteria which do not control the court's discretion but which must be considered for or against severity or leniency in a particular case. The trial court retains discretion to determine the most effective way to comply with the purpose and principles of sentencing as set forth in R.C. 2929.11. R.C. 2929.12.

{¶16} Among the various factors that the trial court must consider and balance under R.C. 2929.12 are: (1) serious physical, psychological, or economic harm to the victim as a result of the offense; (2) whether the offender has a history of criminal convictions; (3) whether the offender has not responded favorably to sanctions previously imposed by criminal convictions; and (4) whether the offender shows genuine remorse for the offense. R.C. 2929.12.

{¶17} At the sentencing hearing, the trial court listened to the argument of appellant's counsel and appellant's own statement of remorse acknowledging her significant drug problem.  The trial court assessed appellant's history of drug abuse and her criminal history of theft.  T. II., 8.  When the trial court asked, "The facts of this case, the burglary, are pretty bad, aren't they," appellant assented, and the trial court noted appellant's role in "setting up" the victim.   T. II., 9.

{¶18} In addition, the trial court used the P.S.I. in formulating appellant's sentence, but the P.S.I. has not been made part of the record for our review. In *State v. Untied,* 5th Dist. Muskingum No. CT97–0018, 1998 WL 401768, \*8 (Mar. 5, 1998), we noted appellate review contemplates that the entire record be presented and if portions of the transcript necessary to resolve issues are not included, we must presume regularity in the trial court proceedings and affirm. The P.S.I. report could have been submitted "under seal" for our review. Id*.* Absent the cited information and considering "the trial court's findings on the record, we cannot say appellant's sentence was against the manifest weight of the evidence or 'contrary to law.'" *State v. Henderson,* 5th Dist. Stark No. 2004–CA–00215, 2005-Ohio-1644, 2005 WL 774039, ¶ 48, citing *State v. Wallace,* 5th Dist. Delaware No. 03–CA–A–07–043, 2004-Ohio-1694, 2004 WL 670684 and *State v. Mills,* 5th Dist. Ashland No. 03–COA–001, 2003-Ohio-5083, 2003 WL 22208740; see also, *State v. Hughes*, 5th Dist. Coshocton No. 15CA0008, 2016-Ohio-880, 60 N.E.3d 765, ¶ 35.

{¶19} The sentence imposed is within the range provided for felonies of the second degree. We find the trial court properly considered the statutory factors and complied with all applicable rules and laws. We further find the sentence is not clearly and convincingly contrary to law, and the trial court did not err in sentencing appellant.

{¶20} Appellant's sole assignment of error is overruled.

**CONCLUSION**

{¶21} Appellant's sole assignment of error is overruled and the judgment of the Muskingum County Court of Common Pleas is affirmed.

By: Delaney, P.J. and

Wise, J.

Baldwin, J., concur.