[Cite as *State v. Guy*, 2016-Ohio-425.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NOS. 2015-CA-28; |
| | : | 2015-CA-29 |
| v. | : | |
| | : | T.C. NOS. 13CR446A and 13CR819 |
| SAM GUY, III | : | |
| | : | (Criminal appeal from |
| Defendant-Appellant | : | Common Pleas Court) |
| | : | |
| | : | |

. . . . . . . . . . .

**O P I N I O N**

Rendered on the ___5th___ day of ____February____, 2016.

. . . . . . . . . .

RYAN A. SAUNDERS, Atty, Reg. No. 0091678, Assistant Prosecuting Attorney, 50 E. Columbia Street, Suite 449, Springfield, Ohio 45502
        Attorney for Plaintiff-Appellee

ROBERT ALAN BRENNER, Atty. Reg. No. 0067714, 120 W. Second Street, Suite 706, Dayton, Ohio 45402
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

DONOVAN, P.J.

{¶ 1} Defendant-appellant Sam Guy, III, appeals his conviction and sentence for one count of possession of heroin, in violation of R.C. 2925.11(A), a felony of the third degree, one count of having a weapon while under disability, in violation of R.C.

2923.13(A)(3), also a felony of the third degree, and one count of failure to appear, in violation of R.C. 2937.29 and 2937.99, a felony of the fourth degree.

{¶ 2} On June 24, 2013, Guy was indicted in Clark County Common Pleas Case No. 2013 CR 446A for one count of trafficking in heroin, one count of possession of heroin, one count of possession of criminal tools, one count of having a weapon while under disability, and one count of attempted tampering with evidence. Thereafter, on December 3, 2013, Guy was indicted in Clark County Case No. 2013 CR 819 for one count of failure to appear.

{¶ 3} On February 4, 2015, Guy pled guilty to one count of possession of heroin and one count having a weapon while under disability in Case No. 2013 CR 446A. Guy also pled guilty to one count failure to appear in Case No. 2013 CR 819. In exchange for his guilty plea in both cases, the State agreed to dismiss the remaining counts in Case No. 2013 CR 446A. The State also agreed to dismiss a separate indictment against Guy in Case No. 2013 CR 580. Additionally, the State agreed to remain silent at Guy's sentencing hearing. The trial court accepted Guy's plea and found him guilty.

{¶ 4} On February 24, 2015, the trial court sentenced Guy to three years in prison for possession of heroin, three years for having a weapon while under disability, and one year for failure to appear. The trial court ordered that Guy's sentences were to run consecutively for an aggregate sentence of seven years in prison.

{¶ 5} Guy filed a timely notice of appeal with this Court on April 8, 2015, in both cases. We consolidated the cases for purposes of the instant appeal.

{¶ 6} Guy's sole assignment of error on appeal is as follows:

{¶ 7} "THE TRIAL COURT ERRED BY IMPOSING CONSECUTIVE

SENTENCES."

{¶ 8} In his sole assignment, Guy contends that the trial court's decision to impose consecutive sentences was not supported by evidence in the record, and is therefore contrary to law.

{¶ 9} Initially, we note that Guy was convicted and sentenced for two third degree felonies and one fourth degree felony.   Pursuant to R.C. 2929.14(A)(3)(b), the basic prison term for a felony of the third degree *shall* be nine, twelve, eighteen, twenty-four, thirty, or thirty-six months (three years).   For a felony of the fourth degree, the prison term shall be six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months. R.C. 2929.14(A)(4).

{¶ 10} "The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.11(A).

{¶ 11} " 'The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences.' *State v. Nelson,* 2d Dist. Montgomery No. 25026, 2012–Ohio–5797, ¶ 62.   'However, the trial court must comply with all applicable rules and statutes, including R.C. 2929.11 and R.C. 2929.12.' *Id.*" *State v. Eicholtz,* 2d Dist. Clark No. 2012 CA 7, 2013–Ohio–302, ¶ 53.

{¶ 12} Before imposing a consecutive sentence, a trial court is required to find that: (1) "consecutive service is necessary to protect the public from future crime or to punish the offender"; (2) "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public"; and (3) any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4).

{¶ 13} As this Court recently noted in *State v. McGlothan,* 2d Dist. Clark Nos. 2014–CA–120, 2014–CA–121, 2014–CA–122, 2015–Ohio–2713, ¶ 12–13:

"On appeals involving the imposition of consecutive sentences, R.C. 2953.08(G)(2)(a) directs the appellate court 'to review the record, including the findings underlying the sentence' and to modify or vacate the sentence 'if it clearly and convincingly finds * * * [t]hat the record does not support the sentencing court's findings under division * * * (C)(4) of section 2929.14 * * * of the Revised Code.' " *State v. Bonnell,* 140 Ohio St.3d 209, 2014–Ohio–3177, 16 N.E.3d 659, ¶ 28. In *State v. Rodeffer,* 2013–Ohio–5759, 5 N.E.3d 1069 (2d Dist.), we held that we would no longer use an abuse of discretion standard in reviewing a felony sentence, but would apply the

standard of review set forth in R.C. 2953.08(G)(2).

Under R.C. 2953.08(G)(2), an appellate court may increase, reduce, or modify a sentence, or it may vacate the sentence and remand for resentencing, only if it "clearly and convincingly" finds either (1) that the record does not support certain specified findings or (2) that the sentence imposed is contrary to law. *Rodeffer* stated that "[a]lthough [*State v. Kalish,* 120 Ohio St.3d 23, 2008–Ohio–4912, 896 N.E.2d 124] no longer provides the framework for reviewing felony sentences, it does provide * * * adequate guidance for determining whether a sentence is clearly and convincingly contrary to law. * * * According to *Kalish,* a sentence is not contrary to law when the trial court imposes a sentence within the statutory range, after expressly stating that it had considered the purposes and principles of sentencing set forth in R.C. 2929.11, as well as the factors in R.C. 2929.12." (Citations omitted.) *Rodeffer* at ¶ 32.

{¶ 14} Guy does not claim that the trial court failed to make the statutory findings under R.C. 2929.14(C)(4); rather, he asserts that the record does not support the trial court's findings.

{¶ 15} Upon review, we conclude that the record clearly establishes that the trial court made all of the requisite findings to support the imposition of consecutive sentences. When imposing consecutive sentences, the trial court made the following findings:

Okay. The State agreed to remain silent at disposition. The defendant has a prior conviction for aggravated trafficking in drugs in 1998 out of Montgomery County for which he served one year in the Ohio State

Penitentiary.

Conviction for aggravated trafficking in drugs and weapons under disability in 1993 out of Clark County, Ohio, for which he served four years in the Ohio State Penitentiary.

And trafficking in heroin, two counts, in 2008 out of Clark County, Ohio, for which he served two years in the Ohio State Penitentiary.

I do find that consecutive sentences are necessary to protect the public from future crime and to punish the defendant.

That they are not disproportionate to the seriousness of the defendant's conduct and to the danger he poses to the public.

And that his history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the defendant.

{¶ 16} Guy received the maximum penalty of three years for each of the third-degree felonies to which he pled guilty and one year for the fourth degree felony, which is less than the maximum of eighteen months in prison. Accordingly, his sentence was within the statutory range and thus, not contrary to law. Furthermore, in determining Guy's sentence, the trial court indicated in the judgment entry of conviction that it considered the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12. We have held, however, that "[a] trial court is not required to state that it considered R.C. 2929.11 and R.C. 2929.12. Unless the sentence is contrary to law, a trial court is presumed to have considered them." *State v. Neff,* 2d Dist. Clark No. 2012–CA–31,

2012–Ohio–6047.

{¶ 17} Furthermore, the trial court articulated the findings required by R.C. 2929.14(C)(4) in order to impose consecutive sentences, namely that consecutive sentences are necessary to protect the public and punish Guy, that consecutive sentences are not disproportionate to the seriousness of Guy's conduct, and that his history of criminal conduct demonstrated that consecutive sentences are necessary to protect the public from future crime committed by him. In our view, the record clearly supports the trial court's findings.

{¶ 18} Guy had five prior felony convictions as an adult, most involving selling drugs, a weapons charge, and many prior misdemeanor convictions. Guy also has an extensive juvenile history. Especially significant is the fact that Guy was adjudicated delinquent on two separate occasions for aggravated robbery, conduct which if committed by an adult would constitute felonies of the first degree. As noted by the trial court, Guy had also been imprisoned numerous times. The offenses for which Guy was sentenced in the cases before us involve illegal drugs and weapons. Finally, Guy's judgment entry of conviction incorporates all of the findings made by the trial court at the sentencing hearing. For the foregoing reasons, we cannot clearly and convincingly find that the record does not support the trial court's findings.

{¶ 19} Guy's sole assignment of error is overruled.

{¶ 20} Guy's sole assignment of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . .

FROELICH, J. and WELBAUM, J., concur.

Copies mailed to:

Ryan A. Saunders
Robert Alan Brenner
Hon. Douglas M. Rastatter