[Cite as *State v. Von Ward*, 2016-Ohio-5733.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CHAMPAIGN COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 2015-CA-42 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case Nos. 12-CR-316 |
| v. | : | 13-CR-125 |
| | : | |
| CAMERON VON WARD | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 9th day of September, 2016.

. . . . . . . . . .

KEVIN S. TALEBI, Atty. Reg. No. 0069198, by JANE A. NAPIER, Atty. Reg. No. 0061426, Champaign County Prosecutor's Office, 200 North Main Street, Urbana, Ohio 43078
        Attorney for Plaintiff-Appellee

DANIEL F. GETTY, Atty. Reg. No. 0074341, 46 East Franklin Street, Centerville, Ohio 45459
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

HALL, J.

**I. Introduction and Facts**

{¶ 1} Cameron Von Ward appeals from the sentence he received in the

Champaign County Court of Common Pleas for a violation of the felony community control

sanctions imposed on him in Case Nos. 2013 CR 125 and 2012 CR 316. Von Ward argues specifically that the trial court abused its discretion by ordering that his felony sentences be served consecutively. For the reasons outlined below, the judgment of the trial court will be affirmed.

{¶ 2} The subject of this appeal, sentencing following the community control violation, arose after Von Ward pled guilty to a misdemeanor domestic violence charge in Champaign County Municipal Court, Case No. 15 CRB 795. Von Ward was sentenced to 180 days in jail upon that guilty plea, and was subsequently brought before the trial court for violating his community control sanctions in Case Nos. 2013 CR 125 and 2012 CR 316.

{¶ 3} On November 10, 2015, the trial court held a hearing covering the merits of Von Ward's community control violations. At the hearing, the trial court specifically informed Von Ward that if his community control was revoked "[T]he two sentences in the cases would be served consecutive to one another for a total sentence of 34 months." (Transcript of CCV Admission and Sentencing at 5.). After a painstakingly thorough colloquy, Von Ward admitted to "caus[ing] or attempt[ing] to cause physical harm to Myranda Whamsley," (*Id.* at 13) the mother of his child, on October 13, 2015. The trial court concluded that Von Ward violated his community control and proceeded to sentencing.

{¶ 4} In the sentencing portion of the hearing, the court considered all the sentencing factors pursuant to R.C.2929.12 and 2929.11. Upon doing so, the court stated, "after looking at those seriousness and recidivism factors the [c]ourt has decided that the measured response should not be a concurrent sentence with your municipal

court case in which you are returned to community control because the conduct complained of is too significant." *Id.* at 35. The court revoked Von Ward's community control and sentenced him for the various guilty counts consistent with the sentences previously designated. In Counts (1), (4), (8), and (13) of Case No. 2012 CR 316, Von Ward was sentenced to a term of imprisonment of 17 months for each count. In Count (10) of Case No. 2012 CR 316, Von Ward was sentenced to a term of 180 days confinement in the Tri-County Regional Jail. The court stated the sentences in Counts (1), (4), (8), (10) and (13) were to run concurrent with each other.

{¶ 5} The court further sentenced Von Ward for violating his community control sanctions in Case No. 2013 CR 125. For Counts (1) and (2), the court imposed a 17-month prison term for each Count. The court stated these terms were to be served concurrent with each other, but consecutive to the sentence imposed in 2012 CR 316. The court further stated the total sentence for the community control violation was to be served concurrent to the time imposed for the domestic violence charge in municipal court. This resulted in a total sentence of 34 months for the community control violation in both cases.

{¶ 6} On December 28, 2015, a Re-Sentencing Hearing was held. The issue corrected at this hearing was the sentence for Counts (4), (8) and (13) in 2012 CR 316 and Count (2) in 2013 CR 125. As stated previously, the trial court sentenced Von Ward to 17-month sentences for each of these Counts, however, as the trial court recognized at the December 28th hearing, the maximum allowed by statute for each of those particular counts is 12 months. After correcting the sentences imposed for these Counts, the court followed its decision in the November hearing, and stated both cases' sentences

would be served consecutively to one another, but concurrent to the time served for the domestic violence conviction in municipal court. The re-sentencing hearing resulted in the same total sentence of 34 months for the community control violation.

**II. Was Consecutive Sentencing Properly Imposed or Excessive?**

{¶ 7} Von Ward's appellate brief raises one assignment of error challenging his sentence. His sole assignment of error states:

**THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY ORDERING MR. VON WARD TO SERVE HIS FELONY SENTENCES CONSECUTIVELY.**

{¶ 8} In his assignment of error, Von Ward argues that although the court made the "general and cursory 'findings' " in compliance with the Ohio Revised Code, the court abused its discretion in imposing a sentence of 34 months. Von Ward contends that this sentence is not only excessive, but is also unsupported by the record. Von Ward states the court did not carefully consider any of the mitigating and reducing factors present in his case. We disagree with Von Ward's claims.

{¶ 9} First, Von Ward argues the trial court abused its discretion, however, this Court no longer applies the abuse of discretion standard that Von Ward asserts. *State v. Withrow*, 2d Dist. Clark No. 2015-CA-24, 2016-Ohio-2884, ¶ 4. Von Ward relies heavily on the two-pronged test set forth in *State v. Kalish*, 120 Ohio St. 3d 23, 2008-Ohio-4912, 896 N.E.2d 124: 1) is the sentence contrary to law or 2) an abuse of discretion? However, a few weeks before Appellant's brief was filed, the *Kalish* standard was expressly overruled by the Supreme Court in *State v. Marcum*, Ohio Supreme Court Slip Opinion No. 2016-Ohio-1002, "[w]e hold that appellate courts may not apply the abuse-

of-discretion standard in sentencing-term challenges." *Id.* at ¶ 10.

{¶ 10} The court in *Marcum* held that in accordance with R.C. 2953.08(G)(2), "an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum* at ¶ 1.

{¶ 11} In relevant part, R.C. 2953.08(G)(2) states:

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

R.C. 2953.08(G)(2). Thus, in order for this Court to vacate or modify Von Ward's sentence, we must find by clear and convincing evidence that 1) the record does not support the sentence, or is (2) contrary to law.

**III. The Record Supports the Imposition of Consecutive Sentences**

{¶ 12} Under the Revised Code, consecutive sentences may be imposed if:

[T]he court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4).

{¶ 13} Here, Von Ward asserts that although the trial court stated the requisite findings on the record, such findings are not supported by the evidence and facts presented to the court. Specifically, he states that the court should have considered that he had successfully complied with community control sanctions for two years, had only sustained a few minor traffic infractions while on community control, and the act causing

the revocation was unrelated to the criminal conduct of the felony sentencing. He argues that if the court had considered these facts, the record would reflect no need to protect the community, and therefore, no need for consecutive sentences.

{¶ 14} At the December 28, 2015 sentencing hearing, the court stated:

In imposing consecutive sentences the court finds that consecutive sentencing is necessary to protect the public from future crime or to punish the Defendant. Consecutive sentences are not disproportionate to the seriousness of the Defendant's conduct and the danger that the Defendant poses to the public. Court finds that the Defendant committed one or more of the multiple offenses while he was awaiting trial or sentencing, was on community control, or was under post-release control for a prior offense. And that the Defendant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crimes by the Defendant.

(Dec. 28 Sentencing Hearing Trans. Pg. 16). This statement satisfies the requirement under R.C. 2929.14(C)(4) to impose consecutive sentences. The court has no obligation to state reasons to support these findings. *State v. Bittner*, 2d Dist. Clark No. 2013-CA-116, 2014-Ohio-3433, ¶ 11. Von Ward concedes this statement legally satisfies R.C. 2929.14(C)(4) but argues that because the court neglected to mention the mitigating factors stated above, these findings are unsupported by the record.

{¶ 15} Contrary to Von Ward's assertion, the record reflects that during the sentencing hearing the court addressed each of the factors he urges this Court to consider. The court specifically addressed Von Ward's traffic violations, including driving

while under suspension, by stating that Von Ward's continued violations of the law while on probation for two felony convictions is a problem. In his previous statement to the court, Von Ward suggested he "wouldn't get so much as a traffic ticket", which the court found unreliable, as he had received three in recent months. The court noted that Von Ward had juvenile adjudications for menacing, rape and gross sexual imposition and that Von Ward continued to commit crimes while on probation, crimes which had escalated to physical violence. The court finally considered how Von Ward reacted to the leniency provided by the trial court in his previous sentencing, and the lenient acts of his probation officer.

{¶ 16} In addition to these statements, the court made several findings that escalated the seriousness of Von Ward's offense. The court considered that the recent act of violence was against Von Ward's live-in girlfriend and mother of his child; the act of violence produced a head wound; the act of violence occurred within five months of the three traffic infractions; Von Ward had not been rehabilitated to a satisfactory degree; he had not responded favorably to sanctions previously imposed; and that the conduct complained of is too significant for a return to community control.

{¶ 17} The record reflects that the court thoroughly addressed the reasons why Von Ward was receiving the sentence imposed. The court went into detail, including various anecdotes, to describe why Von Ward and his criminal behavior were particularly troubling. The court considered statements made by Von Ward, but ultimately decided they were promises without merit that he had made before. The record makes clear the trial court considered Von Ward a danger to the public, regardless of Von Ward's opinion of his criminal history seriousness.

**{¶ 18}** Because of the foregoing reasons, we do not clearly and convincingly find that the record does not support the trial court's consecutive sentence findings. The record establishes that the trial court engaged in the correct analysis, and shows the court evidenced its findings pursuant to R.C. 2929.14(C)(4). Therefore, we uphold the consecutive sentence imposed.

### IV. The Sentence Imposed is not Contrary to law

**{¶ 19}** Von Ward argues that in imposing consecutive sentences much higher than the minimum, the trial court refused to acknowledge the purpose behind felony sentencing to reduce prison sentencing for felony four and five offenders. In essence, Von Ward argues that a 34-month sentence is unwarranted for his crimes.

**{¶ 20}** However, the record reflects that the trial court had previously imposed community control sanctions on Von Ward in these two cases even though the first supervision was violated with another felony. The second imposition was violated with a misdemeanor of domestic violence. Further, "[t]he trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences." *State v. Nelson*, 2d Dist. Montgomery No. 25026, 2012-Ohio-5797, ¶ 62. However, the court "must comply with all applicable rules and statutes, including R.C. 2929.11 and R.C. 2929.12." (Citations omitted.) *Nelson* at ¶ 62. Here, the prison sentences imposed by the trial court were authorized by R.C. 2929.14(A)(4) and (A)(5). The record also reflects the trial court complied with R.C. 2929.11 and R.C. 2929.12 when imposing the sentences. In doing so, the court considered the principles and purposes as described in R.C.

2929.11, and balanced the seriousness and recidivism factors in R.C. 2929.12.

{¶ 21} In sum we are unable to find "by clear and convincing evidence that the record does not support the sentence." *Marcum* at ¶ 23, and the sentence is not contrary to law. Therefore, Von Ward's assignment of error is overruled.

### V. Conclusion

{¶ 22} The judgment of the trial court is affirmed.

. . . . . . . . . . . . .

FAIN, J., and FROELICH, J., concur.

Copies mailed to:

Kevin S. Talebi
Jane A. Napier
Daniel F. Getty
Hon. Nick A. Selvaggio