[Cite as *State v. Gibson*, 2017-Ohio-691.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| *Plaintiff-Appellee* | : | Appellate Case No. 2016-CA-12 |
| | : | |
| v. | : | Trial Court Case Nos. 2012-CR-260 |
| | : | and 2013-CR-64 |
| ASHLEY N. GIBSON | : | |
| | : | (Criminal Appeal from |
| *Defendant-Appellant* | : | Common Pleas Court) |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 24th day of February, 2017.

. . . . . . . . . .

JANE A. NAPIER, Atty. Reg. No. 0061426, Assistant Prosecuting Attorney, Champaign County Prosecutor's Office, 200 North Main Street, Urbana, Ohio 43078
    Attorney for Plaintiff-Appellee

AMY E. FERGUSON, Atty. Reg. No. 0088397, 130 West Second Street, Suite 1818, Dayton, Ohio 45402
    Attorney for Defendant-Appellant

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-appellant, Ashley N. Gibson, appeals from the sentence she received in the Champaign County Court of Common Pleas for violating the felony community control sanctions that were imposed on her in Case Nos. 2012-CR-260 and 2013-CR-64.   Gibson specifically argues that the trial court abused its discretion in imposing a 33-month prison term and consecutive sentences.   For the reasons outlined below, the judgment of the trial court will be affirmed.

**Facts and Course of Proceedings**

{¶ 2} In Champaign County Case No. 2012-CR-260, Gibson pled guilty to two counts of possessing criminal tools in violation of R.C. 2923.24(A) and one count of possessing heroin in violation of R.C. 2925.11(A), (C)(6)(a), all felonies of the fifth degree. The trial court sentenced Gibson for those offenses on January 31, 2013, by imposing five years of community control sanctions with several conditions.   The trial court advised Gibson that if she violated the conditions of community control, the court may impose a longer time under the same sanction, more restrictive sanctions, or a prison term of 11 months.

{¶ 3} In Champaign County Case No. 2013-CR-64, Gibson pled guilty to various offenses that she had committed before she was sentenced in Case No. 2012-CR-260, but while she was released on personal recognizance and awaiting sentencing. Specifically, Gibson pled guilty to five counts of forgery in violation of R.C. 2913.31(A)(1), all felonies of the fifth degree, one count of possessing heroin in violation of R.C. 2925.11(A), (C)(6)(a), also a felony of the fifth degree, and one count of petty theft in

violation of R.C. 2913.02(A)(1), a misdemeanor of the first degree. The trial court sentenced Gibson for those offenses on March 20, 2013, by imposing three years of community control sanctions with several conditions. The trial court advised Gibson that if she violated the conditions of community control, the court may impose a longer time under the same sanction, more restrictive sanctions, or a prison term of 4 years that would run consecutive to the 11-month prison term in Case No. 2012-CR-260.

{¶ 4} On June 2, 2014, Gibson's probation officer filed a notice of supervision violation for both Case Nos. 2012-CR-260 and 2013-CR-64. The notice alleged that Gibson violated the conditions of her community control by changing her residence without permission from her supervising officer and by failing to report to her supervising officer as ordered.

{¶ 5} Following the violation notice, on June 10, 2014, the trial court held a hearing on the merits of the alleged violations. During the hearing, Gibson admitted to both violations and the trial court proceeded to sentencing. After the State recommended that Gibson be returned to community control, and after the trial court considered the possible penalties under R.C. 2929.15(B)(1), the purposes and principles of sentencing in R.C. 2929.11, and the seriousness and recidivism factors in R.C. 2929.12, the trial court decided to return Gibson to community control under the same conditions previously imposed without any additional penalty. However, the court once again advised Gibson that if she violated the conditions of community control, the court may impose a longer time under the same sanction, more restrictive sanctions, or a prison term of 4 years and 11 months.

{¶ 6} Approximately two years later, on May 23, 2016, Gibson's probation officer

filed a second notice of supervision violation for both Case Nos. 2012-CR-260 and 2013-CR-64. Like the first notice, the second notice alleged that Gibson violated the conditions of her community control by changing her residence without permission from her supervising officer and by failing to report to her supervising officer as ordered.

{¶ 7} Following the second violation notice, on June 6, 2016, the trial court held a hearing on the merits of the alleged violations. At the hearing, Gibson once again admitted to both violations and the trial court once again proceeded to sentencing. During sentencing, the court considered the purposes and principles of sentencing in R.C. 2929.11, weighed the seriousness and recidivism factors in R.C. 2929.12, and determined that it had discretion to impose a prison term pursuant to R.C. 2929.13(B)(1)(b)(xi). In exercising its discretion, the trial court revoked community control and imposed a term of imprisonment for Gibson's community control violations.

{¶ 8} For Case No. 2012-CR-260, the trial court sentenced Gibson to serve 11 months in prison for both counts of possessing criminal tools, as well as for the count of possessing of heroin. The trial court then ordered the 11-month sentences to run concurrently with each other for a total prison term of 11 months.

{¶ 9} For Case No. 2013-CR-64, the trial court sentenced Gibson to serve 11 months in prison for each of her five forgery counts, as well as for the count of possessing heroin. For the petty theft count, the trial court ordered Gibson to serve five months in jail. The trial court then ordered the 11-month prison sentences for forgery and the five-month jail sentence for petty theft to run concurrently with each other, but consecutively to the 11-month prison sentence for possessing heroin. Accordingly, Gibson was sentenced to a total term of 22 months in prison in Case No. 2013-CR-64.

{¶ 10} The trial court ordered the 22-month prison term in Case No. 2013-CR-64 to be served consecutively with the 11-month prison term in Case No. 2012-CR-260. Therefore, Gibson was sentenced to a total of 33 months in prison for both cases, a sentence which was significantly less than the four year and 11 month prison sentence the trial court had originally indicated it would impose upon revoking community control.

{¶ 11} Despite receiving a significantly reduced prison sentence, Gibson now appeals from the trial court's sentencing decision, raising a single assignment of error for review.

**Assignment of Error**

{¶ 12} Gibson's sole assignment of error is as follows:

A JUDGMENT REVOKING DEFENDANT'S COMMUNITY CONTROL AND SENTENCING HER TO PRISON WAS IMPROPER.

{¶ 13} Under her sole assignment of error, Gibson concedes that a prison term is an appropriate sanction for violating community control sanctions, but claims that under the circumstances of this case, the trial court's decision to impose a 33-month prison term and consecutive sentences was an abuse of discretion because her violations did not involve new crimes, were not egregious or violent in nature, and were the result of a drug relapse.

{¶ 14} We review prison sentences imposed for violations of felony community control sanctions in accordance with the Supreme Court of Ohio's decision in *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231. *See State v. Von Ward*, 2d Dist. Champaign No. 2015-CA-42, 2016-Ohio-5733 (applying the standard of review

announced in *Marcum* to prison sentences imposed for violating community control sanctions). In *Marcum*, the Supreme Court made clear that felony sentences are no longer reviewed under an abuse of discretion standard but, instead, in accordance with the standard of review set forth in R.C. 2953.08(G)(2). *Marcum* at ¶ 1, 7, 10.

{¶ 15} R.C. 2953.08(G)(2) provides, in relevant part, as follows:

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶ 16} Accordingly, this court may vacate or modify Gibson's sentence only if we "determine by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *Marcum* at ¶ 1.

{¶ 17} In this case, the trial court made findings under two of the "relevant statutes" referred to in R.C. 2953.08(G)(2); namely, R.C. 2929.13(B) and R.C. 2929.14(C)(4). For the reasons outlined below, we do not clearly and convincingly find that the record fails

to support those findings, nor do we clearly and convincingly find that Gibson's sentence is otherwise contrary to law.

*R.C. 2929.13(B)*

**{¶ 18}** In sentencing Gibson, the trial court made a finding under R.C. 2929.13(B)(1)(b)(xi), which provides the trial court with discretion to impose a prison term for a fifth degree felony offense that is not an offense of violence or qualifying assault offense if it finds "the offender committed the offense while under a community control sanction, while on probation, or while released from custody on a bond or personal recognizance." Specifically, the trial court found that Gibson committed the offenses in Case No. 2013-CR-64 while under a community control sanction in Case No. 2012-CR-260.

**{¶ 19}** A review of the record, however, reveals that the offenses Gibson pled guilty to in Case No. 2013-CR-64 were committed before she was sentenced to community control sanctions in Case No. 2012-CR-260.[1] Nevertheless, the record establishes that Gibson was released on personal recognizance in Case No. 2012-CR-260 while she

---

[1] The February 7, 2013 indictment charging Gibson in Case No. 2013-CR-64 alleged that forgery counts one through five (the counts Gibson pled guilty to) were committed on dates ranging between January 14 and 24, 2013. The indictment further alleged that Gibson's possession of heroin charge, which is set forth in count seven of the indictment, occurred on January 27, 2013. The bill of information charging Gibson with petty theft alleged that the theft offense occurred between November 24, 2012 and December 30, 2012. Accordingly, all the offenses Gibson pled guilty to in Case No. 2013-CR-64 occurred before she was sentenced to community control sanctions on January 31, 2013, in Case No. 2012 CR 260.

committed the offenses in Case No. 2013-CR-64.[2]   Therefore, the fact that the trial court incorrectly based its finding on Gibson being under a community control sanction is harmless error, as the trial court's finding with respect to R.C. 2929.13(B)(1)(b)(xi) was still correct, albeit for a different reason.   *See State v. Hall*, 2d Dist. Miami No. 97 CA 22, 1997 WL 691509, *1 (Oct. 24, 1997) ("[i]f a trial court has stated an erroneous basis for its judgment, an appellate court will affirm the judgment if it is legally correct on other grounds, that is, when it achieves the right result for the wrong reasons"), citing *Newcomb v. Dredge*, 105 Ohio App. 417, 152 N.E.2d 801 (2d Dist.1957), paragraph seven of the syllabus.   *Accord State v. Handcock*, 2d Dist. Clark No. 2016-CA-3, 2016-Ohio-7096, ¶ 14.   Accordingly, we do not clearly and convincingly find that the record fails to support the trial court's finding that the factor in R.C. 2929.13(B)(1)(b)(xi) applied in this case and gave the court discretion to impose a prison term for Gibson's offenses.

*R.C. 2929.14(C)(4)*

{¶ 20} "When an offender's community control is revoked and multiple prison terms are imposed for the underlying offenses, the trial court must make the findings under R.C. 2929.14(C)(4) before imposing consecutive sentences at the revocation sentencing hearing."   (Citations omitted.)   *State v. Stevens*, 2d Dist. Greene No. 2014-CA-10, 2015-Ohio-1051, ¶ 9.

{¶ 21} Pursuant to R.C. 2929.14(C)(4), a trial court may impose consecutive sentences if it determines that: (1) consecutive service is necessary to protect the public

---

[2] The record indicates that Gibson was released from custody on personal recognizance in Case No. 2012-CR-260 on September 18, 2012, and that she thereafter committed the offenses in Case No. 2013-CR-64.

from future crime or to punish the offender; (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) one or more of the following three findings are satisfied.

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4)(a)-(c).

{¶ 22} " '[A] trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings.' " *State v. Bittner*, 2d Dist. Clark No. 2013-CA-116, 2014-Ohio-3433, ¶ 11, quoting *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37. Moreover, the trial court is not required "to recite any 'magic' or 'talismanic' words when imposing consecutive

sentences." *State v. Horobin*, 2d Dist. Montgomery No. 26639, 2015-Ohio-5300, ¶ 7, quoting *State v. Graham*, 2d Dist. Montgomery No. 25934, 2014-Ohio-4250, ¶ 36. (Other citation omitted.)   As stated by the Supreme Court, "a word-for-word recitation of the language of the statute is not required, and as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Bonnell* at ¶ 29.

{¶ 23} In this case, the record establishes that the trial court made all the required consecutive-sentence findings under R.C. 2929.14(C)(4) at the sentencing hearing and in the sentencing entry.   At the sentencing hearing, the trial court stated as follows:

> In imposing consecutive sentences, the Court finds that consecutive sentencing is necessary to protect the public from future crime or to punish the Defendant.   Consecutive sentences are not disproportionate to the seriousness of Defendant's conduct and the danger she poses to the public. And the Defendant committed one or more of the multiple offenses while she was on community control for a prior offense.

Plea and Sentencing Hearing Trans. (June 6, 2016), p. 23.

{¶ 24} In the sentencing entry, the trial court similarly provided that:

> In imposing consecutive sentences, the Court makes the following findings per R.C. 2929.14(C)(4): Consecutive sentencing is necessary to protect the public from future crime or to punish the Defendant and consecutive sentences are not disproportionate to the seriousness of the Defendant's conduct and to the danger the Defendant poses to the public.   R.C.

2929.14(C)(4). The Defendant committed one or more of the multiple offenses while the Defendant was awaiting trial or sentencing, was on community control or was under post release control for a prior offense. R.C. 2929.14(C)(4)(a).

Journal Entry of Community Control Merits and Disposition (June 6, 2016), Champaign County Court of Common Pleas Case Nos. 2012-CR-260 and 2013-CR-64, Docket Nos. 74 and 79, p. 7.

{¶ 25} "[W]here a trial court properly makes the findings mandated by R.C. 2929.14(C)(4), an appellate court may not reverse the trial court's imposition of consecutive sentences unless it first clearly and convincingly finds that the record does not support the trial court's findings." *State v. Withrow*, 2d Dist. Clark No. 2015-CA-24, 2016-Ohio-2884, ¶ 38.

{¶ 26} In imposing consecutive sentences, the trial court found during the sentencing hearing that R.C. 2929.14(C)(4)(a) applied to Gibson because she committed the offenses in Case No. 2013-CR-64 while on community control sanctions in Case No. 2012-CR-260. R.C. 2929.14(C)(4)(a) provides that consecutive sentences are appropriate if "the offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense."

{¶ 27} As previously discussed, the record indicates that Gibson was not yet placed on community control in Case No. 2012-CR-260 at the time she committed the offenses in Case No. 2013-CR-64. Gibson was, however, awaiting sentencing in Case

No. 2012-CR-260 when she committed those offenses. Therefore, the record supports the trial court's finding that R.C. 2929.14(C)(4)(a) applied to Gibson, albeit for a different reason than stated by the trial court at the sentencing hearing. *See Hall*, 2d Dist. Miami No. 97 CA 22, 1997 WL 691509 at *1, citing *Newcomb*, 105 Ohio App. 417, 152 N.E.2d 801. *Accord Handcock*, 2d Dist. Clark No. 2016-CA-3, 2016-Ohio-7096 at ¶ 14. Accordingly, we do not clearly and convincingly find that the record fails to support the trial court's decision to impose consecutive sentences under the finding in R.C. 2929.14(C)(4)(a). *See Bonnell,* 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659 at ¶ 29. ("as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld").

{¶ 28} The record also does not clearly and convincingly fail to support the trial court's other consecutive sentence findings—that consecutive sentencing is necessary to protect the public from future crime or to punish the offender and is not disproportionate to the seriousness of the defendant's conduct in the commission of the offenses and to the danger she posed to the public.

{¶ 29} The record indicates that while Gibson was released on personal recognizance and was awaiting her sentencing for two counts of possessing criminal tools and possession of heroin in Case No. 2012-CR-260, she continued to possess heroin, committed petty theft, and through several counts of forgery, stole money from multiple victims. The record further indicates that Gibson has a history of criminal convictions and has not responded favorably to sanctions previously imposed given her multiple community control violations, which Gibson admitted on the record was due to her pattern

of drug abuse.

{¶ 30} Moreover, Gibson admitted to violating the conditions of her community control by changing her residence without permission from her supervising officer and by failing to report to her supervising officer as ordered for five months. Gibson had previously admitted to committing the same type of violations in 2014, and was given a second chance to comply with her conditions without penalty. Despite being given a second chance, Gibson violated community control in the same manner throughout 2015 and part of 2016.

{¶ 31} For the foregoing reasons, we do not clearly and convincingly find that the record does not support the trial court's consecutive sentence findings. Accordingly, we uphold the trial court's decision to impose consecutive sentences.

*Gibson's 33-Month Prison Sentence is Not Otherwise Contrary to Law*

{¶ 32} We also do not clearly and convincingly find that Gibson's 33-month sentence is otherwise contrary to law. "The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences." (Citation omitted.) *State v. King*, 2013-Ohio-2021, 992 N.E.2d 491, ¶ 45 (2d Dist.). However, in exercising its discretion, a trial court must consider the statutory policies that apply to every felony offense, including those set out in R.C. 2929.11 and R.C. 2929.12. *State v. Leopard*, 194 Ohio App.3d 500, 2011-Ohio-3864, 957 N.E.2d 55, ¶ 11 (2d Dist.), citing *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, ¶ 38.

{¶ 33} R.C. 2929.11 sets forth the principles and purposes of felony sentencing.

R.C. 2929.12 sets forth the statutory "seriousness" and "recidivism" factors that are used to guide a court's sentencing discretion. We have held that a trial court need not expressly state that it has considered R.C. 2929.11 and R.C. 2929.12. *State v. Neff*, 2d Dist. Clark No. 2012-CA-31, 2012-Ohio-6047, ¶ 5. *Accord State v. Guy*, 2d Dist. Clark Nos. 2015-CA-28, 2015-CA-29, 2016-Ohio-425, ¶ 16. A trial court is presumed to have considered R.C. 2929.11 and R.C. 2929.12 unless the sentence is contrary to law. *Neff* at ¶ 5, citing *State v. Imber*, 2d Dist. Clark No. 11CA0063, 2012-Ohio-3720, ¶ 26.

{¶ 34} "[A]n appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence." *Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231 at ¶ 23.

{¶ 35} As previously noted, we do not clearly and convincingly find that Gibson's 33-month prison sentence is contrary to law, nor do we find that the record fails to support Gibson's sentence. Gibson's individual prison sentences are within the authorized statutory range provided in R.C. 2929.14(A)(5) and, although not required, the trial court expressly stated at the sentencing hearing and in its sentencing entry that it had considered the purposes and principles of sentencing in R.C. 2929.11 and weighed the seriousness and recidivism factors in R.C. 2929.12. Moreover, in its detailed sentencing entry, the trial court made a specific finding under each section of R.C. 2929.11 and weighed each of the relevant seriousness and recidivism factors in R.C. 2929.12. The trial court also discussed how it weighed each of those factors at the sentencing hearing, as it stated the following:

> With regard to more serious factors as they pertain to the community

control violations, the Court finds that the Defendant was on community control for two separate cases involving convictions for possession of heroin. Defendant failed to report to her probation officer for five months due to her subsequent use of heroin. And this is Defendant's second community control violation for failure to report to her probation officer. Court also notes that the second community control violation case not only involved drugs—not only involved drug use, but also an organized scheme to steal from multiple individuals.

With regard to less serious in factors, the Court finds in committing the offense the Defendant did not cause or expect to cause physical harm to persons or property. Court concludes that factors establishing the defendant's conduct is more serious outweigh factors establishing that conduct is less serious.

With regard to recidivism and more likely to commit future crimes, the Court finds that at the time she committed 13 CR 64 that the Defendant was on community control in 12 CR 260. She has a history of criminal convictions. She has not responded favorably to sanctions previously imposed. She has demonstrated a pattern of drug abuse related to the offense. And she refuses treatment by virtue of her failure to maintain contact with the probation department.

With regard to less likely to commit future crimes, the Court finds that in committing the offense the Defendant was not adjudicated a delinquent child. Court concludes factors establishing the Defendant's recidivism is

more likely outweigh factors establishing recidivism is less likely. The Court considered the military service. Finds she has no military service record.

Plea and Sentencing Hearing Trans. (June 6, 2016), p. 20-21.

{¶ 36} Although the trial court incorrectly found that Gibson committed the offenses in Case No. 2013-CR-64 while she was on community control in Case No. 2012-CR-260, as previously discussed, that finding amounts to harmless error. In making that finding, the trial court was weighing the recidivism factor under R.C. 2929.12(D)(1), which indicates that an offender is more likely to commit future crimes if:

At the time of committing the offense, the offender was under release from confinement before trial or sentencing; was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code; was under post-release control pursuant to section 2967.28 or any other provision of the Revised Code for an earlier offense or had been unfavorably terminated from post-release control for a prior offense pursuant to division (B) of section 2967.16 or section 2929.141 of the Revised Code; was under transitional control in connection with a prior offense; or had absconded from the offender's approved community placement resulting in the offender's removal from the transitional control program under section 2967.26 of the Revised Code.

While the trial court based its finding under R.C. 2929.12(D)(1) on the wrong reason, the trial court appropriately considered this factor as an indicator that Gibson was likely to commit future crimes, because at the time Gibson committed her offenses in Case No.

2013-CR-64, she was under release from confinement before her sentencing in Case No. 2012-CR-260.

{¶ 37} Because we are unable to find by clear and convincing evidence that the record does not support the trial court's findings under R.C. 2929.13(B) and R.C. 2929.14(C)(4), or that Gibson's sentence is otherwise contrary to law, Gibson's sole assignment of error is overruled.

## Conclusion

{¶ 38} Having overruled Gibson's sole assignment of error, the judgment of the trial court is affirmed.

. . . . . . . . . . . .

DONOVAN, J. and FROELICH, J., concur.

Copies mailed to:

Jane A. Napier
Amy E. Ferguson
Hon. Nick A. Selvaggio