[Cite as *State v. Randolph*, 2018-Ohio-4651.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. John W. Wise, P. J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Earle E. Wise, Jr., J. |
| -vs- | |
| | Case No. 17 CA 53 |
| CONNIE RANDOLPH | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:      Criminal Appeal from the Court of Common
Pleas, Case No. 17 CR 98


JUDGMENT:      Affirmed


DATE OF JUDGMENT ENTRY:      November 19, 2018


APPEARANCES:

For Plaintiff-Appellee

R. KYLE WITT
PROSECUTING ATTORNEY
JOEL C. WALKER
ASSISTANT PROSECUTOR
239 West Main Street, Suite 101
Lancaster, Ohio 43130

For Defendant-Appellant

SCOTT P. WOOD
CONRAD / WOOD
120 East Main Street
Suite 200
Lancaster, Ohio 43130

*Wise, John, P. J.*

{¶1}   Defendant-Appellant Connie M. Randolph appeals the decision of the Court of Common Pleas, Fairfield County, which sentenced her for community control violations. Appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.

{¶2}   On March 6, 2017, appellant was indicted on several felony counts, including aggravated possession of drugs, by the Fairfield County Grand Jury.

{¶3}   On July 13, 2017, appellant appeared in court with counsel and entered a guilty plea to one count of aggravated possession of drugs, a felony of the fifth degree, possession of heroin, a felony of the fifth degree, and falsification, a misdemeanor of the first degree. She was thereupon sentenced to sixteen months in prison.

{¶4}   On October 3, 2017, after serving part of her prison time, appellant was granted judicial release via an order from the trial court.  She was further placed on community control for a period of five years.

{¶5}   However, on December 11, 2017, appellant appeared in court and admitted to violating her community control by being charged with a new misdemeanor offense, by failing to report to the community control department, by failing to attend counseling, by testing positive for prohibited substances, by violating house arrest, and by letting her GPS monitor power down.

{¶6}   Accordingly, the trial court found appellant had "technically violated" certain terms and conditions of her community control as to Count 1 (aggravated possession of drugs) and Count 7 (possession of heroin), and it imposed a ninety-day prison sanction on each of those two counts, ordering that they be consecutive to each other and to the

prison sanctions imposed by the trial court for the same violations of her community control in a separate case, Fairfield Common Pleas case number 17-CR-235, for a total prison sanction of 270 days. *See* Judgment Entry, December 12, 2017, at 1-2.

{¶7}  On December 20, 2017, appellant filed a notice of appeal. She herein raises the following sole Assignment of Error:

{¶8}  "I.  THE TRIAL COURT ERRED IN SENTENCING APPELLANT AFTER A COMMUNITY CONTROL VIOLATION."

I.

{¶9}  In her sole Assignment of Error, Appellant Randolph contends the trial court erred in ordering her to serve two ninety-day prison sentences for violating community control, consecutive to her sanction in a separate case. We disagree.

{¶10}  R.C. 2953.08(G)(2) sets forth the standard of appellate review of felony sentences. *State v. Daniels*, 5th Dist. Muskingum No. CT2016-0021, 2017-Ohio-1045, ¶ 13, citing *State v. Marcum,* 146 Ohio St.3d 516, 2016–Ohio–1002, ¶ 1. Thus, pursuant to R.C. 2953.08(G)(2), an appellate court may only "increase, reduce, or otherwise modify a sentence * * * or may vacate the sentence and remand the matter to the sentencing court for resentencing" if the court clearly and convincingly finds "(a) [t]hat the record does not support the sentencing court's findings[,]" or "(b) [t]hat the sentence is otherwise contrary to law." This same standard applies on appellate review of the imposition of consecutive sentences following a community control revocation hearing. *State v. Haddox*, 6th Dist. Erie No. E-15-017, 2016-Ohio-3368, 66 N.E.3d 262, ¶ 32.

{¶11}  R.C. 2929.15(B)(1), as written at the time appellant received her sanction for violating community control, reads as follows in pertinent part:

If the conditions of a community control sanction are violated or if the offender violates a law or leaves the state without the permission of the court or the offender's probation officer, the sentencing court may impose upon the violator one or more of the following penalties:

***

(c) A prison term on the offender pursuant to section 2929.14 of the Revised Code and division (B)(3) of this section, provided that a prison term imposed under this division is subject to the following limitations, as applicable:

(i) If the prison term is imposed for any technical violation of the conditions of a community control sanction imposed for a felony of the fifth degree or for any violation of law committed while under a community control sanction imposed for such a felony that consists of a new criminal offense and that is not a felony, the prison term shall not exceed ninety days.

***.

{¶12} Appellant in the case *sub judice* emphasizes that there is no language in R.C. 2929.15(B)(1)(c)(i), *supra*, specifically authorizing consecutive prison terms for community control violations. She thus essentially contends that the silence in the statute should be liberally construed in her favor, under the general rule of construction found in R.C. 2901.04(A).

{¶13} In Ohio, there is a statutory presumption in favor of concurrent sentences for most felony offenses. *State v. Smith*, 5th Dist. Ashland No. 18-COA-002, 2018-Ohio-

4188**, ¶** 13, citing R.C. 2929.41(A)**.** Nonetheless, "[t]he legislature has expressly granted trial courts the 'discretion to determine the most effective way' to achieve the purposes and principles of sentencing. R.C. 2929.12(A). Such discretion gives trial courts the inherent authority to determine whether sentences shall run concurrently or consecutively." *State v. Mize*, 12th Dist. Butler No. CA2017-11-159, 2018-Ohio-3848, ¶ 29, citing *State v. Bates,* 118 Ohio St.3d 174, 2008–Ohio–1983, 887 N.E.2d 328, ¶ 19.

{¶14} The General Assembly has put some restraint on this "inherent authority" via the requirement of findings set forth in R.C. 2929.14(C)(4), and at least one Ohio appellate court has concluded that when an offender's community control is revoked and multiple prison terms are imposed, the trial court must make findings under R.C. 2929.14(C)(4) before imposing consecutive sentences at a revocation sentencing hearing. *See State v. Gibson*, 2nd Dist. Champaign No. 2016-CA-12, 2017-Ohio-691, ¶ 20, citing *State v. Stevens*, 2nd Dist. Greene No. 2014–CA–10, 2015–Ohio–1051, ¶ 9.

{¶15} However, we find appellant has not presented such an argument on the question of consecutive sentence findings (*see* R.C. 2953.08(G)(2)(a), *supra*), and is instead challenging on more general grounds that consecutive prison terms for violating community control in this context are contrary to law (*see* R.C. 2953.08(G)(2)(b), *supra*). Upon review of the latter claim, we find no reversible error in the trial court's decision.

{¶16} Appellant's sole Assignment of Error is therefore overruled.

{¶17} For the reasons stated in the foregoing, the decision of the Court of Common Pleas, Fairfield County, is hereby affirmed.


By: Wise, John, P. J.

Hoffman, J., and

Wise, Earle, J., concur.


JWW/d 1029